IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America <br><br> v. <br><br> Andre Lavelle Williams | Crim. No. 4:09-cr-00073-TLW <br><br> **ORDER** |

This matter is before the Court on Defendant Andre Lavelle Williams motion for early termination of his term of supervised release. ECF No. 1743. For the reasons that follow, the Court Williams' motion is denied.

On April 6, 2010, Williams was sentenced to 121 months imprisonment followed by 10 years of supervised release as a result of his conviction of Conspiracy to Distribute and Possession with Intent to Distribute 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(l), 841(b)(l)(A), 846 and 851 (Enhanced Penalties). ECF No. 77. On September 5, 2012, pursuant to a Rule 35(b) motion, the defendant's sentence was reduced from 121 months to 97 months. All other provisions of the original judgment remained as previously imposed. *Id.* Williams' supervision commenced on June 26, 2015 and is set to expire on June 26, 2025.

On July 29, 2019, Williams moved for the early termination of his term of supervised release. ECF No. 1685. On September 11, 2019, the Court denied Williams' motion, concluding "that early termination would not be appropriate at this time because (1) he was held accountable for a substantial amount of crack and cocaine; (2) his criminal history weighs against early termination, including a prior

drug distribution conviction; (3) he was on probation when he committed the instant federal offense; and (4) he has only served about four years of his ten-year supervision term." ECF No. 1687.

Williams has again moved for the early termination of his remaining term of supervised release. ECF Nos. 1743. A district court may terminate a defendant's term of supervised release if, in the case of a felony, the defendant has completed at least one year of probation and, after considering the § 3553(a) factors, the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3564(c). In support of his request, Williams notes that he (1) is gainfully employed, (2) has a stable family life, and (3) has aspiration which are limited by the conditions of his term of supervision. ECF Nos. 1743.

The Court finds it appropriate to deny Williams' request for three reasons. First, the Court notes the seriousness of his instant federal conviction—Conspiracy to Distribute and Possession with Intent to Distribute 5 Kilograms or More of Cocaine. As noted in his Presentence Investigation Report ("PSR"), Williams was a significant drug dealer in Darlington County, SC, who dealt powder cocaine and crack cocaine from 2000 until at least January of 2007. PSR ¶ 787, ECF No. 47. The PSR noted that Williams was held accountable for 2,350.5 grams of powder cocaine and 332 kilograms of crack cocaine. *Id.* Second, in addition to the seriousness of the offense of conviction, a review of Williams' criminal history reveals a prior record dating back to 1995 and includes prior convictions for drug distribution. ECF No. 79 ¶¶ 52–59. Finally, Williams has a

history of failing to abide by the conditions of his supervision. In April 2021, Williams was placed on home confinement for 90 days after being arrested by the Florence County Sherrifr's Office for Failure to Stop for a Blue Light and Possession of 28g (1oz) or Less of Marijuana. ECF No. 1721. Moreover, in November 2021, Williams was ordered to complete 40 ours of community service after being charged with Open Container of Beer or Wine in Motor Vehicle when he encountered a South Carolina Highway Patrol roadblock. ECF No. 1735.

Thus, after reviewing Williams' motion and the record before it, the Court concludes that the seriousness of the instant offense, Williams' criminal history, and his continued contact with law enforcement in violation of the conditions of his supervision counsel against terminating the remainder of his term supervised release.

At present, Williams has approximately eighteen of supervised release remaining, as his term of supervised release does not expire until July 2025. For the reasons stated, and after considering the § 3553(a) factors, the Court concludes that early termination of his term of supervised release is not warranted. Williams' motion, ECF No. 1743, is therefore **DENIED.**

    **IT IS SO ORDERED.**

                                                    *s/ Terry L. Wooten*
                                                    Terry L. Wooten
                                                    Senior United States District Judge

January 12, 2024
Columbia, South Carolina